```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**WILLIAM ARES REYNARD,**

                  **Plaintiff,**

      v.                                               **CASE NO. 20-3045-SAC**

**DAVID CLARK, et al.,**

                  **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee at the Neosho County Jail (NCJ), proceeds pro se and in forma pauperis.

### Nature of the Complaint

Plaintiff's amended complaint names two defendants, David Clark, a prosecutor and the Neosho County Jail. He alleges on January 28, 2020, a jail captain told him that recreation is a privilege at the NCJ. He also states that he asked for "mental help" but was denied. He seeks damages and release from the NCJ.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refer s "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

As noted, this matter is before the Court on plaintiff's amended complaint. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the amended complaint must contain all allegations and claims that plaintiff intends to present. The amended complaint identifies two defendants, the prosecutor and the NCJ. For the reasons that follow, the Court will direct plaintiff to submit a second amended complaint that cures the defects noted.

First, the amended complaint does not include any allegations against the defendant prosecutor. The personal participation of an individual defendant "is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)(citations omitted). It is the plaintiff's obligation to provide each defendant with fair notice of the grounds for the claims against him, and therefore, "a complaint must explain what each defendant did to him

or her, when the defendant did it, how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated". *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Next, the NCJ is not a proper defendant. Section 1983 provides a remedy for claims of federal rights by a "person" acting under color of state law. As a governmental sub-unit, the jail cannot sue or be sued, and it is subject to dismissal from this action. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

Accordingly, plaintiff may submit a second amended complaint that identifies proper defendants and provides a clear statement of the acts by each defendant that plaintiff alleges violated his protected rights.

### Motion to Appoint Counsel

Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the Court that the claims presented have sufficient merit to warrant

the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979. Because plaintiff has not yet identified a meritorious claim for relief, the Court will deny his request for counsel.

## Order to Submit Amended Complaint

For the reasons set forth, the Court grants plaintiff to and including **July 7, 2020**, to submit a second amended complaint. In the amended complaint, plaintiff must name every defendant in the caption. *See* Fed. R. Civ. P. 10(a). Plaintiff also must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances. If plaintiff fails to submit an amended complaint as directed, this matter may be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **July 7, 2020**, plaintiff shall submit a second amended complaint that complies with the instructions contained herein.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 5) is denied.

**IT IS SO ORDERED.**

DATED:  This 5th day of June, 2020, at Topeka, Kansas.


                                    S/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge